165 So. 166

## ROUSSEAU v. DEMOCRATIC PARISH EXECUTIVE COMMITTEE FOR PARISH OF ST. MARTIN.

### CHAMPAGNE et al. v. SAME.

#### Nos. 33736, 33735.

Supreme Court of Louisiana.

Dec. 2, 1935.

Labbe & Guidry, of St. Martinsville, and Geo. M. Wallace, of Baton Rouge, for relators.

Jacob S. Landry and Porteous R. Burke, both of New Iberia, and Xavier Mouton, of Lafayette, for respondent.

HIGGINS, Justice.

If a strict interpretation is placed upon the language of the Primary Election Law (Act No. 97 of 1922, as amended), and the notice of intention to become a candidate and the affidavit accompanying the notice are considered in that light, the candidate has not properly qualified. But, in the previous decisions of this court, we have repeatedly said that, since the right of the people to choose their public officials is indirectly affected, and this being the fundamental principle involved in all elections, a liberal construction should be placed upon the provisions of the statute.

The Court of Appeal treated the case in a liberal manner, which was in accordance with the announced policy of this court. Therefore, its judgment is correct and the writs are refused.

O'NIELL, Chief Justice (concurring in the refusal to grant writs).

I doubt that this court has authority to review the decision of the Court of Appeal in a case like this, under the provisions of section 11 of article 7 of the Constitution; and my opinion is that the court should consider and decide that question before refusing the writ on the ground that the judgment of the Court of Appeal is correct. If we should consider that question and decide that we have authority to issue a writ of review in a case like this, I would subscribe to the refusal to grant the writ in this case, on the ground that the judgment of the Court of Appeal is correct. But the Court of Appeal refused to consider, or to act upon, a petition for a rehearing in this case, on the ground that, according to section 27 of Act No. 97 of 1922, as amended by Act No. 28 of the Second Extra Session of 1935 (section 1), a rehearing is not allowable in a case like this. The section of the law referred to has reference to contested election cases; but the eleventh section of the statute (Act No. 97 of 1922), as amended by Act No. 110 of 1934 (section 1), declares that, in

suits of this kind, the procedure and appeal shall "in all things and as far as applicable" be as provided for contested election cases under section 27 of the act. The question whether we have authority to review the judgment of the Court of Appeal in a case like this depends upon an interpretation of the clause "as far as applicable." I express no opinion on the question of interpretation of this clause, because none is expressed in the order refusing to grant a writ of certiorari or review. But my opinion is that we ought to decide the question of our jurisdiction or authority in the premises before considering the merits of the case.